IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY RUSS,

    Petitioner,

v.                                    CASE NO. 4:14-cv-211-RH-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 5, Petitioner's *pro se* Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereafter "Petition") . The Petition stems from Petitioner's June 2012 *nolo contendere* plea to two counts of burglary of a dwelling, grand theft, fraudulent use of a credit card, criminal use of personal identification information, two counts of credit card theft, and one count of resisting an officer without violence, for which Petitioner is serving a total 15-year sentence. Respondent filed a response and an appendix with relevant portions of the state-court record. ECF No. 13. Although afforded an opportunity to file a reply, Petitioner did not do so. Upon due consideration of the Petition, the Response, and the state-court record, the

undersigned recommends that the Petition be denied.[1]

## I.  State-Court Proceedings

The state-court proceedings are summarized in the Response, and Petitioner has not controverted the accuracy of that summary.  Petitioner's written plea petition, which he executed under oath, affirms that Petitioner knew the maximum and minimum penalties for his charges, that his trial counsel, Jessica Yeary, had told him all of the facts the State would have to prove, and that he had discussed any possible defenses with his lawyer.  Petitioner affirmed that he was satisfied with counsel's services.  Petitioner specifically affirmed that he was not under the influence of drugs or alcohol, that no one forced or threatened him to enter the plea, that no promise had been made to him by the Judge, the State, or his attorney other than what was stated in the plea petition or in open court, and that his plea was entered freely and voluntarily.  ECF No. 13-1 at 7-8.  The plea agreement reflects that State had agreed to the total 15-year sentence that Petitioner ultimately received.  *Id*. at 7.

During the plea colloquy, the State informed the Court that although

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

Petitioner qualified for sentencing as a prison releasee reoffender, the agreed sentence was a non-PRR sentence. ECF No. 13-1 at 71. Petitioner acknowledged, under oath, that he read the plea form before signing it and had gone over it with his counsel. Petitioner asked the court why he was still subject to a 15-year sentence if he was not being sentenced as a PRR. The Court informed Petitioner that he was under no obligation to enter a plea and had the right to go to trial. The Court stated "if you are not doing this freely and voluntarily and you don't agree with this, then you cannot do it." ECF No. 13-1 at 73. The Court informed Petitioner that his plea would not be accepted if it was clearly something he did not want to do. *Id*. at 74.

The State then reviewed, on the record, what the sentencing options would be if Petitioner was convicted at trial. The State pointed out that Petitioner had been released from prison for the same type of crime charged in this case, burglary of an occupied dwelling. If the State did not waive sentencing as a PRR, Petitioner would have faced an additional mandatory consecutive 15-year sentence, as well as loss of gain-time. In the State's view, the plea agreement reflected a "pretty lenient" result. *Id*. at 75.

The court then observed that sentencing discretion had been curtailed by PRR-type statutes, and that although the court could not be involved in plea negotiations "I can tell you that if the facts fit into a certain category, then, no matter how badly I wanted to deviate from that, I don't have the authority to do that." *Id*. at 76. The court offered Petitioner additional time to speak with his counsel, stated that "I would certainly encourage you to do it," and offered to reschedule the case. *Id.*

Petitioner asked for a recess to speak with his family. Following the recess, Ms. Yeary informed the court that she had spoken with Petitioner and his family, and that "everyone believes" the plea was in Petitioner's best interest. *Id*. at 77.

The court then again reviewed each charge and the sentence that Petitioner faced for each count. The court again advised Petitioner that he had the right not to plea and to go to trial. The court asked Petitioner: "But you don't want to go to a trial on this?" And Petitioner replied "No, sir." *Id*. at 78. The court explained to Petitioner that he would not be permitted to appeal, except an illegal sentence, but again advised Petitioner that he did not have to give up his right to a trial and appeal. *Id*. Petitioner stated that he did not want to give up his right to appeal, and the court advised

Petitioner again that he had the right to a trial and an appeal. Petitioner stated: "Well, I don't want to got to trial, your Honor." *Id*. at 79. Petitioner repeated, however, that he did not want to give up his right to appeal. Because Petitioner seemed reluctant to plea, the court stated "I don't want you to feel like you're being forced to do this," and took another recess for Petitioner to consider what he wanted to do. *Id*. at 80.

Following the recess, the court repeated that Petitioner did not have to enter a plea, and could go to trial. The court asked Petitioner to state his thoughts. Petitioner stated "I mean, it's the same, but I don't have a choice. So I guess I got to go along with it." Petitioner affirmed that he wanted to give up his right to trial and an appeal. *Id*. at 81.

The court reviewed the sentences for each count, and Petitioner affirmed that he had agreed to the sentences set forth in the plea agreement. The court found that there was a factual basis for the plea. Petitioner denied that he was under the influence of any alcohol, drugs, or medication. Petitioner affirmed that he was entering a plea because he believed it was in his best interest to do so. Although Petitioner stated that "it just seems like it's the last resort," he denied anyone had threatened him or made any kind of promise to him to get him to plea. *Id*. at 82-83.

The court found that Petitioner understood the nature of the charges and the consequences of the plea, that the facts the State was prepared to prove were sufficient to sustain the plea, that the decision to plead no contest was freely and voluntarily made, and that Petitioner had the advice and counsel of a competent lawyer. The court then imposed sentence. *Id*. at 83.

Petitioner unsuccessfully petitioned to file a belated appeal. The First DCA affirmed the denial of the petition *per curiam* without written opinion. ECF No. 13-1 at 22-42.

Petitioner filed a motion to mitigate or modify sentence pursuant to Fla. R. Crim. P. 3.800(c). The trial court denied the motion. *Id*. at 43-51.

Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. The trial court summarily denied the motion in a written opinion. The First DCA affirmed *per curiam* without written opinion. ECF No. 13-1 at 52-138.

The instant petition, which Respondent concedes is timely, followed. Petitioner asserts three ineffective-assistance claims: (1) counsel allowed Petitioner to enter an involuntary and unintelligent plea; (2) counsel failed to petition the court for a competency determination; and (3) counsel failed

to convey a plea offer that was more favorable than what Plaintiff received. ECF No. 5.

## II.  Standard of Review

The AEDPA imposes limitations on the scope of this Court's review. Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow,* ___ U.S. ___, 2013 WL 5904117, *4 (2013)(quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim

"resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 2013 WL 5904117, *4 (standard for reviewing claims of legal error by state courts is "highly deferential"). This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Id*. This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under *Strickland*—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35 (1976)).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification

that there was an error . . . beyond any possibility for fairminded disagreement.'" *Id*. (quoting *Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011). "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Id*. (quoting *Harrington*, 131 S.Ct. at 786). "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

By entering a voluntary plea, a defendant waives several rights, including the right to a jury trial, to the assistance of counsel at trial, to raise a defense, and to confront his accusers. *Boykin v. Alabama*, 395 U.S. 563, 573 (1989). Further, a voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea, including claims of ineffective-assistance that do not attack the voluntariness of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

In the guilty plea context, to show prejudice under *Strickland* Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The

requirement of a showing of prejudice in the guilty-plea context serves "the fundamental interest in the finality of guilty pleas." *Id*. at 58.  The inquiry as to whether a reasonable probability exists that a defendant would have insisted on going to trial "should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 60 (quoting *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984)).

### III.  Discussion

#### A.  *Ineffective Assistance For Allowing Involuntary Plea*

Petitioner contends that his counsel told him that he would "get thirty years if he went to trial," that he would get "HO'd [habitual offender]," stated "are you crazy, you have to plea," and told Petitioner's family that he could not go to trial.  ECF No. 5 at 18.  Petitioner then argues that he "has made a sufficient showing to refute the veracity of his responses at the plea hearing" such that the plea may be set aside as a failure of due process.  *Id*. at 19.

Petitioner's claim that his plea was involuntary is wholly conclusional, and such conclusional claims are insufficient to warrant habeas corpus relief.  Further, in rejecting Petitioner's ineffective-assistance claims on postconviction review, the state court found that the claim was flatly refuted by the plea colloquy and the plea agreement.  With regard to counsel's

alleged statements, the state court found that during the plea Petitioner was informed of his sentencing exposure, including the potential for a 30-year sentence as a prison releasee reoffender.  ECF No. 13-1 at 67.

As summarized above, the trial court during the plea colloquy discussed Petitioner's potential sentence and gave him multiple opportunities to consider whether the proposed plea agreement and sentence was in his best interests.  Even if Petitioner's counsel somehow erred in this regard – and Petitioner has not established such error – Petitioner can claim no prejudice because the trial court ensured that his plea was voluntary and intelligent.  Petitioner points to no evidence in the record from which the Court could conclude that his plea was anything but freely, knowingly, and voluntarily entered.  In fact, on this record the validity of the plea is not open to challenge.  The trial court made specific factual findings that the plea was freely, knowingly, intelligently, and voluntarily entered and that there was a factual basis to support the plea.  ECF No. 13-1 at 83.  The state court's findings as to the validity of plea must be presumed to be correct, and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C § 2254(e)(1).   Petitioner has come forward with *no* evidence that rebuts these findings.

On this record, Petitioner has failed to show that the State court's rejection of this ineffective-assistance claim was so lacking in justification that there was an error beyond any possibility for fairminded disagreement. *Burt*, ___ U.S. ___, 2013 WL 5904117, *4.

### B. Failure to Petition Court for Competency Determination

Petitioner claims that "[d]efense counsel was told that petitioner had a lifetime of mental health issues and disorders," and that counsel refused his request to move the court for a competency determination. ECF No. 5 at 19. Petitioner claims that he "was in fact incompetent when he entered his plea." *Id*. at 20.

This claim, like the foregoing claim, is wholly conclusional, and Petitioner points to nothing in the record that supports the claim. In rejecting this claim on postconviction review, the state court found that Petitioner did not make the "strong preliminary showing" necessary under state postconviction rules to warrant an evidentiary hearing on the issue of his competency during the plea hearing. ECF No. 13-1 at 67-68. The state court cited *Thompson v. State*, 88 So. 3d 312 (Fla. 4th DCA 2012) as support. *Id*. *Thompson* held that to satisfy the deficiency prong of *Strickland* on counsel's handling of a competency issue, the petitioner "must allege specific facts showing that a reasonably competent attorney

would have questioned competence to proceed." *Thompson*, 88 So. 3d 312, 319-20 (citing *Dusky v. United States*, 362 U.S. 402 (1960)). This standard is codified in Fla. R. Crim. P. 3.211. *Id*. Further, in order to establish prejudice, a petitioner must "set forth clear and convincing circumstances that create a real, substantial, and legitimate doubt," as to his competency. *Id*.

The state court determined that Petitioner had not made the requisite showing. ECF No. 13-1 at 67-68. Petitioner has likewise made no showing, apart from his conclusional and self-serving assertions, in this court that counsel had any basis to question his competency or that there is any legitimate doubt that he was competent to enter a plea. The record of the plea colloquy reflects no basis to question Petitioner's competency. On this record, Petitioner has failed to show that the State court's rejection of this ineffective-assistance claim was so lacking in justification that there was an error beyond any possibility for fairminded disagreement. *Burt*, ___ U.S. ___, 2013 WL 5904117, *4.

### C. Failure to Convey More Favorable Plea Offer

Petitioner's third claim asserts that counsel failed to convey a plea offer that was more favorable than his ultimate sentence. ECF No. 5 at 20-21. Again, Petitioner points to nothing in the record that would support a

conclusion that such a plea offer existed, nor does he explain how he learned of such an offer if it was never conveyed to him. *Id.*

In rejecting this claim on postconviction review, the state court found that the claim was contradicted by Petitioner's own postconviction motion, which asserted only that such an offer "may" have existed. The court found that Petitioner's assertion could not serve as a basis for rendering his plea involuntary, nor could it sustain an ineffective-assistance claim. ECF No. 13-1 at 67.

The record of the plea colloquy contradicts Petitioner's claim that any more favorable plea offer existed. The State made it clear during the colloquy that the offer for a total 15-year sentence, achieved by waiving sentencing as a PRR, was "pretty lenient" since it removed the possibility of consecutive 15-year sentences for the two burglary counts. There is nothing in the record that suggests the State would have been amenable to anything more lenient given the evidence against petitioner and the applicability of PRR sentencing. *See* ECF No. 13-1 at 75. On this record, Petitioner has failed to show that the State court's rejection of this ineffective-assistance claim was so lacking in justification that there was an error beyond any possibility for fairminded disagreement. *Burt,* ___ U.S.

___, 2013 WL 5904117, *4.

For the foregoing reasons, the Petition should be denied.

### IV.  Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 5) should be **DENIED** and a certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 27th day of October 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.